IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,545-12





EX PARTE STEVEN GILBERT, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 6754A IN THE FIRST JUDICIAL DISTRICT 


 COURT FROM JASPER COUNTY




 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, 
was convicted of burglary of a habitation and sentenced to thirty years' imprisonment.
Applicant did not appeal his conviction. 

 Applicant alleges that he was arrested pursuant to a parole revocation warrant on
January 21, 2009, but has not been given a preliminary hearing as required by Gov't Code,
Section 508.2811 or a final parole revocation hearing as required by Gov't Code Section
508.282(a)(1)(A). 


 Applicant has alleged facts that, if true, might entitle him to relief. Morrissey v.
Brewer, 408 U.S. 471, 485, 92 S. Ct. 2593, 2602 (1972). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d), in that it shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether a parole revocation warrant was issued for
Applicant, and if so, when that warrant was issued and whether he is in custody pursuant to
that warrant. The affidavit shall also state whether Applicant has been given a preliminary
hearing or a parole revocation hearing and if not, the reasons he has not been given a hearing.

 The trial court may also order depositions, interrogatories or a hearing. If the trial
court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact regarding whether Applicant is being held
pursuant to a parole revocation warrant, and if so, whether he was given a timely preliminary
hearing or a parole revocation hearing. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 20, 2010

Do not publish